liBARRY, Judge,
concurring in the result.
A consent judgment relating to child custody is not a considered decree. A considered decree is one rendered after a trial on the issue and a court’s decision applying the pertinent law. Howes v. Howes, 388 So.2d 1182 (La.App. 4th Cir.1980), writ refused, 393 So.2d 738 (La.1980). The heavier Bergeron burden for modification of child custody should apply where the custody has previously been determined in a considered decree, not here where custody was decided by means of a 1987 consent judgment. See Monteleone v. Monteleone, 591 So.2d 1228, 1236 (La.App. 4th Cir.1991) (Barry, J., dissenting). The Fourth Circuit is the only circuit which holds that a parent must meet the Bergeron standard to change custody when a consent judgment was the basis for the prior child custody award. See Sparks v. Sparks, 94-1315 (La.App. 3 Cir. 2/1/95); 649 So.2d 1223, writ denied, 95-0561 (La. 4/28/95); 653 So.2d 590; Haik v. Haik, 9A-563 (La.App. 5 Cir. 12/14/94); 648 So.2d 1015, writ denied, 95-0146 (La. 3/17/95); 651 So.2d 271; Connelly v. Connelly, 94 0527 (La.App. 1 Cir. 10/7/94); 644 So.2d 789; Barnes v. Cason, 25,808 (La.App. 2 Cir. 5/4/94); 637 So.2d 607, writ denied, 94-1325 (La. 9/2/94); 643 So.2d 149.
The trial court erred by deciding the no cause of action exception on the basis of whether Ms. Hamilton alleged in her rule to change custody that continuation of the present custody was so deleterious to the children as to justify modification of the custody decree under Bergeron. Mr. Donelon’s sole custody was based on a 1987 consent judgment signed by Ms. Hamilton, at the |2time a woman addicted to drugs, in need of hospitalization and unable to support her two children.
I agree in the result that the judgment maintaining Mr. Donelon’s no cause of action be reversed and the matter remanded for a hearing on the rule to change custody.